| | |
|---|---|
| | **UNITED STATES DISTRICT COURT**<br><br>EASTERN DISTRICT OF CALIFORNIA |
| TERRENCE MCCREA,<br><br>        Plaintiff,<br><br>  v.<br><br>C. PFEIFFER,<br><br>        Defendant. | 1:18-cv-00458-LJO-BAM (PC)<br><br>SCREENING ORDER GRANTING PLAINTIFF LEAVE TO FILE AMENDED COMPLAINT<br><br>(ECF No. 1)<br><br>**THIRTY-DAY DEADLINE** |

### I. Screening Requirement and Standard

Plaintiff Terrence McCrea ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on January 9, 2018, in Kern County Superior Court. The action was removed to this Court on April 4, 2018. (ECF No. 1.) Plaintiff's complaint, dated November 28, 2017, is currently before the Court for screening. (Id.)

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

## II.      **Plaintiff's Allegations**

Plaintiff is a state prisoner currently housed at Kern Valley State Prison, where the events in the complaint are alleged to have occurred. Plaintiff names Warden C. Pfeiffer as the sole defendant.

Plaintiff alleges as follows: On February 14, 2017, Plaintiff arrived at Kern Valley State Prison. Upon being housed in a cell, Plaintiff requested his state issue of clothing. Plaintiff was told by prison staff that he would not be receiving any issue of clothing until he appeared before the Institutional Classification Committee. Plaintiff requested a change of underwear, but prison staff refused his request, and Plaintiff was left in a paper jumpsuit and paper underwear for nine days. Plaintiff reportedly submitted a 602 complaint regarding the lack of adequate clothing.

Plaintiff asserts a violation of Title 15 prison regulations, California Penal Code § 2084, and the Eighth Amendment to the United States Constitution for the failure to provide him obligatory clothing for nine days. As relief, Plaintiff seeks compensation in the amount of $65,000.

**III.    Discussion**

Plaintiff's complaint fails to state a cognizable claim for relief. As Plaintiff is proceeding pro se, he will be given an opportunity to amend his claims to the extent he is able to do so in good faith. To assist Plaintiff, the Court provides the relevant pleading and legal standards that appear applicable to his claims.

**A. Supervisory Liability**

To the extent Plaintiff seeks to hold Warden Pfeiffer liable based on his supervisory role, Plaintiff may not do so. Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. Iqbal, 556 U.S. at 676–77; Simmons v. Navajo Cty., Ariz., 609 F.3d 1011, 1020–21 (9th Cir. 2010); Ewing v. Cty. of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). "A supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." Crowley v. Bannister, 734 F.3d 967, 977 (9th Cir. 2013). "Under the latter theory, supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of a constitutional violation." Crowley, 734 F.3d at 977 (citing Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989)) (internal quotation marks omitted).

Plaintiff has failed to include factual allegations demonstrating that Warden Pfeiffer participated in any constitutional violations or otherwise implemented a deficient policy. Plaintiff has not adequately demonstrated that Warden Pfeiffer engaged in any culpable action or inaction or otherwise had knowledge of, or acquiesced in, any constitutional deprivation by his subordinates. See Starr v. Baca, 652 F.3d 1202, 1207–08 (9th Cir. 2011) ("A supervisor can be

liable in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous indifference to the rights of others.").

**B. Eighth Amendment**

The Eighth Amendment protects prisoners from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing Farmer v. Brennan, 511 U.S. 825, 832 (1994)). Prison officials have a "duty to ensure that prisoners are provided with adequate shelter, food, clothing, sanitation, medical care, and personal safety." Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (citations omitted). To establish a violation of this duty, a prisoner must first demonstrate an objectively serious deprivation, one that amounts to the denial of "the minimal civilized measures of life's necessities." Keenan v. Hall, 83 F.3d 1083, 1089 (9th Cir. 1996) (quoting Rhodes v. Chapman, 452 U.S. 337, 346 (1981)). Second, a prisoner must demonstrate that prison officials acted with "deliberate indifference." Wilson v. Seiter, 501 U.S. 294, 303 (1991); Johnson, 217 F.3d at 733. A prison official is liable for denying an inmate humane conditions of confinement only if "the official knows of and disregards an excessive risk to inmate health and safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837.

Plaintiff's complaint fails to state a cognizable claim based on the asserted deprivation of a change of clothes for nine days. First, Plaintiff's complaint fails to include any facts to suggest that Defendant Pfeiffer was aware of any purported deprivation or that Defendant Pfeiffer was responsible for or prevented the distribution of clothing. Second, Plaintiff's allegations do not rise to level of an Eighth Amendment violation. Plaintiff's assertion of nine days without a change of clothes does not suggest an "extreme deprivation" or a deprivation of life's necessities sufficiently grave to form the basis of an Eighth Amendment claim. See, e.g., Jones v. Shinn, No. 14-00231 LEK-BMK, 2014 WL 3663769, at *5 (D. Haw. July 21, 2014) (finding that allowing prisoner a change of clothes every five days for three months may have been unpleasant, but did not inflict pain or deprive him of the minimal necessities of life); Martin v.

4

Sullivan, No. 1:06-cv-00972-OWW-NEW (DLB) PC, 2007 WL 2904285, at *6 (E.D. Cal. Oct.4, 2007) (finding that being stripped naked, held in a filthy isolation cell for three days with one pair of paper underwear, no mattress, sheets, blanket, towel, soap, or toilet paper, and no blood pressure medication, was not sufficient to rise to the level of an Eighth Amendment violation). Third, Plaintiff's allegations indicate that he experienced only a temporary delay in the receipt of clothing beyond his paper jumpsuit and underwear. See Anderson v. Cty. of Kern, 45 F.3d 1310, 1314 (9th Cir.1995) (temporarily substandard conditions of confinement do not rise to the level of constitutional violations). Finally, Plaintiff's allegations do not indicate that he suffered any harm from the temporary deprivation of clothing.

### C. Title 15 Regulations and California Penal Code Section

Insofar as Plaintiff is attempting to pursue claims based on a violation of Title 15 prison regulation, Plaintiff is advised that there is no independent cause of action for violation of those regulations. See McCrea v. Adams, No. 1:09-cv-00850-SKO (PC), 2018 WL 529973, at *2 (E.D. Cal. Jan. 24, 2018); Davis v. Kissinger, No. CIV S-04-0878 GEB DAD P, 2009 WL 256574, at *12 n.4 (E.D. Cal. Feb. 3, 2009). Similarly, Plaintiff has not demonstrated that California Penal Code § 2084 authorizes a private cause of action.

### IV. Conclusion and Order

Plaintiff's complaint fails to state a cognizable claim upon which relief may be granted. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff must state what the defendant did that deprived the Plaintiff of his constitutional rights. Iqbal, 556 U.S. at 678-79. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Plaintiff also may not change the nature of this suit by adding new, unrelated claims in his amended complaint. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

5

Finally, Plaintiff is advised of the general rule that an amended complaint supersedes the original complaint. Lacey v. Maricopa Cty., 693 F.3d 896, 927 (9th Cir. 2012) (en banc). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;
2. Within thirty (30) days from the date of service of this order, Plaintiff shall file an amended complaint curing the deficiencies identified by the Court in this order (or file a notice of voluntary dismissal); and
3. If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend dismissal of this action, with prejudice, for failure to obey a court order and for failure to state a claim.

IT IS SO ORDERED.

Dated: **May 31, 2018**　　　　　　　　/s/ *Barbara A. McAuliffe*
　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE